BARFIELD, J.
Appellant, who was convicted of sale of cocaine after he sold drugs to an undercover police officer, seeks review of the summary denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleged seven grounds for relief based upon claims of ineffective assistance of trial counsel. We find that grounds five and six did not contain allegations sufficient to entitle appellant to post-conviction relief, and that the attachments to the trial court’s order conclusively demonstrated that appellant was not entitled to relief on grounds one, two, and four. We therefore affirm the summary denial of those grounds.
However, we find that grounds three and seven contained sufficient allegations regarding how defense counsel’s performance was deficient and how such conduct prejudiced the outcome of the proceedings that, if true, would each entitle appellant to post-conviction relief. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ground three alleged that trial counsel deposed a potential alibi witness and called her at trial, but then failed to question her at trial regarding appellant’s whereabouts at the time of the charged drug sale. Ground seven alleged that trial counsel failed to request a jury instruction requiring the state to prove that appellant had knowledge of the illicit nature of the substance sold.
The order summarily denying the motion did not individually address each issue, but stated merely that appellant “expressly acknowledged at trial that he did not wish to present any additional witnesses to testify (page 230 of record on appeal) and had no further evidence to offer (page 231 of record on appeal).” The two pages of trial transcript attached to the order, involving a colloquy which took place before the alibi witness was called to testify, do not conclusively demonstrate that appellant is entitled to no relief on grounds three and seven. In fact, the trial court’s order does not even address ground seven. In response to this Court’s order directing it to brief the trial court’s summary denial of grounds three and seven, the state asserted merely that, with respect to each ground, it was “unable to determine, from the brief record available, whether, in fact, trial counsel made this decision as part of a sound trial strategy,” and then requested that this court affirm the summary denial of the motion, “or in the alternative, reverse and remand for an evidentiary hearing or further attachments from the record below.”
We find that affirmance of a summary denial of the two grounds at issue would be completely inappropriate under these circumstances, especially where the trial court did not even address at least one of the grounds. See Poole v. State, 746 So.2d 1207 (Fla. 1st DCA 1999), rev. denied, 767 So.2d 460 (Fla.2000). Therefore, without expressing any opinion as to the merits of grounds three and seven, we reverse the summary denial of those grounds and remand for further proceedings consistent with this opinion. Otherwise, the trial court’s order is affirmed. On remand, if the trial court again concludes that appellant is entitled to no relief with respect to *828 each ground, it shall explain its reasons for so concluding with respect to each ground, and shall attach portions of the record conclusively so demonstrating. Otherwise, it shall hold an evidentiary hearing on grounds three and seven.
AFFIRMED in part, REVERSED in paid, and REMANDED for further proceedings.
WEBSTER and BROWNING, JJ., concur.